**The relief described hereinbelow is SO ORDERED.**

**Signed February 04, 2025.**

                                                *_____*
                                                **CHRISTOPHER G. BRADLEY**
                                                **UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **In re:** § § | | |
| **CLAYTON HALE BENCH and NOLENE SMITH BENCH** § § § | | **Case No. 23-31400-cgb** |
| | | **Chapter 7** |
| Debtors. § | | |
| **CLAYTON HALE BENCH and NOLENE SMITH BENCH** § § § | | |
| Plaintiffs, § § | | |
| v. § | | **Adv. No. 24-03005-cgb** |
| **U.S. DEPARTMENT OF EDUCATION; NAVIENT SOLUTIONS, LLC;** *et al.* § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND FINAL JUDGMENT

    Clayton Hale Bench and Nolene Smith Bench (the "Plaintiffs") filed a *Complaint*[1] seeking hardship discharges of various student loan debts under 11 U.S.C. § 523(a)(8), including loans through the U.S. Department of Education

---

[1] ECF No. 1 (later re-filed with redactions at ECF No. 20).

1

(the "DOE"). On December 18, 2024, the Court held a trial and—after considering the record, arguments, admitted exhibits, and applicable law—the following constitutes the Court's findings of fact and conclusions of law.[2] Based on these findings and conclusions, the Court has determined that the Plaintiffs failed to satisfy their burden of establishing "undue hardship" under the demanding standard of 11 U.S.C. § 523(a)(8).

## Jurisdiction and Venue

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(a) and (b). This matter is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Court has authority to adjudicate this matter pursuant to the District Court's Standing Order of Reference. The Plaintiffs and the DOE each filed statements consenting to the Court's authority to enter a final judgment in this adversary proceeding.[3]

## Procedural Posture

On December 29, 2023 (the "Petition Date"), the Plaintiffs filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On May 21, 2024, the Plaintiffs were granted a discharge.[4]

On April 1, 2024, the Plaintiffs initiated this adversary proceeding against the DOE.[5] On April 23, 2024, the DOE filed its Answer.[6] On August 12, 2024, the Plaintiffs filed a motion for summary judgment against the DOE.[7] On August 21, 2024, the DOE filed a response.[8] On August 26, 2024, the Plaintiffs filed their

---

[2] Any finding of fact that should be more appropriately characterized as a conclusion of law should be regarded as such, and vice versa.

[3] ECF Nos. 5 and 14.

[4] Order of Discharge, Case No. 23-31400, ECF No. 25.

[5] Complaint, ECF No. 1.

[6] ECF No. 4.

[7] ECF No. 60.

[8] ECF No. 64.

2

reply.[9] On October 17, 2024, this Court entered an order denying summary judgment.[10]

On October 23, 2024, the parties filed a *Joint Pre-Trial Order*[11] and *Joint Findings of Fact and Conclusions of Law*.[12] A trial was held on December 18, 2024, and the Court took the matter under advisement.

## Findings of Fact

Mr. Bench is approximately forty-six years old; Mrs. Bench is approximately forty-eight years old; and together they have three children between the ages of twelve and twenty.[13] The Plaintiffs continue to cover the living expenses for their 20-year-old child, who suffers from generalized anxiety disorder and remains financially dependent on them.[14]

As of the filing of this adversary proceeding, the aggregate balance of the Plaintiffs' student loan debt to the DOE was approximately $397,331.[15] While their monthly payments under a "Standard Repayment Plan" would be $2,951.20,[16] their current monthly payments under an "Income-Based Repayment Plan" are $0.00.[17]

Mr. Bench incurred the student loan debt while attending Utah Valley University; California State University, San Bernardino; the University of Utah; King's College London; and the University of Alberta.[18] Mr. Bench testified that he has obtained a bachelor's degree, a master's degree, and a doctorate.

---

[9] ECF No. 65.

[10] ECF No. 80.

[11] ECF No. 84.

[12] ECF Nos. 85, 86.

[13] Ex. C-2 (Attestation of Debtors).

[14] *See also* Ex. E-1 (Debtors' Statement Regarding Dependency); Ex. E-2 (physician's statement regarding daughter's "fair prognosis").

[15] Joint Pre-Trial Order, ECF No. 84.

[16] Ex. G-4 (DOE Documentation of Loan Information).

[17] Ex. G-3 (screenshot from StudentAid.gov).

[18] Joint Pre-Trial Order, ECF No. 84.

3

Since 2016, Mr. Bench has been employed by the University of Texas at El Paso, where he is the Director of Religious Studies.[19] Mr. Bench testified that his income has fluctuated due to additional, yet irregular, teaching opportunities. For 2024, Mr. Bench's average monthly net income, after deductions, was approximately $5,480.[20] Mr. Bench testified that mandatory contributions to a retirement account are deducted from his gross income each month, and, as of the Petition Date, the balance in his retirement account was approximately $48,180.[21]

Mrs. Bench "suffers from secondary Addison's disease, a chronic condition that severely limits her ability to work consistently."[22] Her symptoms include chronic fatigue and weakness that limit her ability to perform physical tasks and maintain stamina throughout the day.[23] Mrs. Bench testified that she is studying Marriage and Family Science, although she did not know whether the coursework would increase her future income prospects. In 2024, Mrs. Bench earned approximately $390 per month from providing pickleball lessons and hair services.[24]

After deducting their current monthly household expenses from their household gross income, the Plaintiffs have $157 in remaining income.[25] Additionally, in 2022 and 2023, the Plaintiffs received tax refunds of $7,969[26] and $4,216,[27] respectively.

## Conclusions of Law

Each of the Plaintiffs' loans through the DOE is "an educational . . . loan made, insured, or guaranteed by a governmental unit, or made under [a] program funded in whole or in part by a governmental unit or nonprofit institution."[28] To

---

[19] Ex. H-1 (Affidavit of Clayton Bench).

[20] Ex. A-1 (paystubs for Clayton Bench).

[21] Schedule A/B, Case No. 23-31400, ECF No. 9.

[22] Joint Findings of Fact and Conclusions of Law, ECF No. 85.

[23] Ex. D-1 (Dr. Ovalle letter, Aug. 7, 2024).

[24] Supplement to Joint Findings of Fact and Conclusions of Law, ECF No. 86. *See also* Ex. A-2 (Pay Summary and Pay Statements for Nolene Bench).

[25] Joint Findings of Fact and Conclusions of Law, ECF No. 85 at 2–3.

[26] Ex. B-2 (2022 Tax Return).

[27] Ex. B-1 (2023 Tax Return).

[28] 11 U.S.C. § 523(a)(8)(i).

discharge such debt, the Plaintiffs must establish that the debt "would impose an undue hardship on the debtor and the debtor's dependents" if not discharged.[29] The Fifth Circuit employs a three-prong test for evaluating "undue hardship," generally referred to as the *Brunner* test, which requires a debtor prove:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> (3) that the debtor has made good faith efforts to repay the loans.[30]

"If the debtor is unable to prove even one of the prongs, he does not meet the standard for undue hardship."[31] Based on the record, arguments, admitted exhibits, and applicable law, the Plaintiffs have failed to satisfy their burden of establishing "undue hardship" under this demanding standard.

### A. Ability to Maintain, Based on Current Income and Expenses, a "Minimal" Standard of Living

The first prong of the *Brunner* test "requires that a debtor prove he cannot afford reasonably necessary living expenses if he is forced to repay his student loans."[32] In making this determination, the Court considers "the debtor's 'actual circumstances and not hypothetical circumstances,' which may include assistance

---

[29] 11 U.S.C. § 523(a)(8).

[30] *United States Dept. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003) (quoting *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).

[31] *Eady v. United States (In re Eady)*, No. 20-40208, 2021 WL 3148951, at *3 (Bankr. E.D. Tex. July 26, 2021).

[32] *Mullin v. Univ. of Miss. (In re Mullin)*, No. 19-12579, 2021 WL 3824647, at *4 (Bankr. N.D. Miss. Aug. 26, 2021) (quoting *Wynn v. Educ. Credit Mgmt. Corp. (In re Wynn)*, 378 B.R. 140, 148 (Bankr. S.D. Miss. 2007)).

from any other source, including spousal income, to determine the debtor's complete financial position."[33]

The Plaintiffs' "actual circumstances" are that their current monthly payments on the student loan debt to the DOE are $0 per month under an "Income-Based Repayment Plan." If the Plaintiffs are not granted a hardship discharge of these loans and they continue making $0 monthly payments, they would nevertheless be able to maintain at least a "minimal" standard of living for themselves and their dependents.

The Plaintiffs' current monthly income—primarily from Mr. Bench's employment with a small contribution from Mrs. Bench's part-time work—exceeds their current monthly expenses. The Plaintiffs' monthly expenses currently include three dependent children, including the living expenses and recurring medical costs for their 20-year-old child. These monthly expenses also include contributions to a retirement account, which held nearly $50,000 as of the Petition Date. Mrs. Bench has also been taking online classes, at least in part for personal growth. The ability to pay for monthly household expenses for themselves and their dependent children while growing a retirement account and pursuing further education demonstrates that the Plaintiffs are able to maintain, based on current income and expenses, at least a "minimal" standard of living.

B.  **Likeliness That Current State of Affairs Will Persist**

The second prong of the *Brunner* test is "exceptionally demanding" and requires a debtor "show that circumstances out of her control have resulted in a 'total incapacity' to repay the debt now and in the future."[34] The evidence demonstrates neither a present inability to maintain a "minimal" standard of living (the first prong of *Brunner*) nor a "total incapacity" to repay the debt in the future (the second prong of *Brunner*).

Mr. Bench has been gainfully employed in his field of study since receiving his PhD in June 2014. Mrs. Bench, who has Addison's disease, nevertheless offers pickleball lessons and hair appointments while taking online courses, which may increase her future income prospects. Additionally, the Plaintiffs' dependents are at

---

[33] *Id.* (quoting *In re Wynn*, 378 B.R. at 147–48).
[34] *Thomas v. Dep't of Educ. (In re Thomas)*, 931 F.3d 449, 451 (5th Cir. 2019) (quoting *Gerhardt*, 348 F.3d at 92).

6

or nearing an age where they may no longer be dependents, reducing the Plaintiffs' future expenses. Finally, the Plaintiffs obtained a discharge in their bankruptcy case, which will alleviate some of their future debt burden.

While the Plaintiffs did present evidence and testimony that their future income was uncertain—whether due to fluctuations in Mr. Bench's salary at the University or changes in Mrs. Bench's supplemental income or potential job prospects related to her ongoing education—the Plaintiffs did not present any evidence or argument that their payments under the "Income-Based Repayment Plan" would ever increase at a faster rate than their income or even beyond their current $0 monthly payment.[35]

"Discharge of student loans is inappropriate 'where a debtor is apparently healthy, presumably intelligent and well-educated, and shows no evidence of extraordinary burdens which would impair further employment prospects . . . .'"[36] The Plaintiffs—one employed in the field in which he obtained his PhD and one continuing her education while earning supplemental income—are able to meet their current monthly payment obligations on their student loan debt to the DOE. They have not demonstrated that there are circumstances out of their control that have resulted in a "total incapacity" to repay their student loan debts and therefore have not satisfied the "exceptionally demanding" second prong of *Brunner*.

### C. Good Faith Effort to Repay

The third prong of the *Brunner* test requires the Plaintiffs to prove that they have made good faith efforts to repay their student loans and "requires the Court to 'consider the Debtor's 'efforts to obtain employment, maximize income, and minimize expenses.'"[37]

---

[35] *See also Greene v. U.S. Dep't of Educ.*, No. 4:13-CV-79, 2013 WL 5503086, at *5 (E.D. Va. Oct. 2, 2013), *aff'd*, 573 F. App'x 300 (4th Cir. 2014) (affirming bankruptcy court's finding that Debtor failed to satisfy the first prong of *Brunner* where she "put forth no arguments as to how her monthly payment of $0 causes her to fall below her current standard of living.").

[36] *Roach v. United Student Aid Fund, Inc, (In re Roach)*, 288 B.R. 437, 445 (Bankr. E.D. La. 2003) (quoting *Shankwiler v. Nat'l Student Loan Mktg. (In re Shankwiler)*, 208 B.R. 701, 706 (Bankr. C.D. Cal. 1997)).

[37] *In re Mullin*, 2021 WL 3824647, at *5 (quoting *Russ v. Tex. Guaranteed Student Loan Corp. (In re Russ)*, 365 B.R. 640, 645 (Bankr. N.D. Tex. 2007)).

While the Plaintiffs have not missed a payment on their DOE loans, these payments have never been more than $0 under their Income-Based Repayment Plan. Given that the Plaintiffs did not satisfy either of the other prongs of the *Brunner* test, the Court need not make a finding regarding good faith.

## Conclusion

Student loans are excepted from discharge unless the debtor can establish that repayment would impose "undue hardship" under all three prongs of the demanding *Brunner* standard. Mr. Bench is highly educated and has maintained steady employment in his field of study since obtaining his PhD; Mrs. Bench, despite her health ailments, is able to contribute some income to the household and is taking classes that may allow her to contribute more in the future. The Plaintiffs have not established that they will be unable to make future payments towards their student loans and therefore have not met the standard for a hardship discharge under 11 U.S.C. § 523(a)(8).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Judgment is entered in favor of defendant U.S. Department of Education and against plaintiffs Clayton Hale Bench and Nolene Smith Bench.

2. The student loans owed by the Plaintiffs to the U.S. Department of Education are excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).

# # #